PATRICK A. MARESCA *vs.* LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, INSURER OF ARTISTIC PAINTING CO., INC.

AUGUST 4, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This original petition for compensation was brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300. Following a hearing in the superior court a decree was entered granting compensation for total incapacity, and from the entry of that decree respondent duly appealed to this court.

The correctness of two findings by the trial justice were briefed and argued to us. The first finding related to petitioner's total incapacity, and the second was with reference to the question whether respondent was the insurer of the Artistic Painting Co., Inc., a foreign corporation which was petitioner's employer. While the case was pending for determination the parties, on May 20, 1954, filed with the clerk of this court a stipulation whereby respondent agreed that "Point II as presented in its brief to the Supreme Court namely, 'Imposing liability upon Lumber Mutual

Casualty Insurance Company of New York, Respondent, was erroneous in law,' is hereby withdrawn and any claim thereunder is hereby waived." By this stipulation the liability of respondent as insurer for the employer is accepted and the only point left for us to consider is whether there was any legal evidence to support the finding of the trial justice that petitioner was totally incapacitated.

The evidence shows that petitioner was working as a painter for the Artistic Painting Co., Inc. at the Hartford Avenue Housing Project, so called, in the city of Providence. On September 26, 1952 a heavy doorframe, which he and another employee were lifting to place in position for a priming coat of paint, slipped and catching on a buckle of petitioner's overalls caused him to fall, thereby injuring his back. It further appears that he had sustained an injury in approximately the same area on October 25, 1951 when a truck backed into him as he was bending forward to burn out some paint pots. His total incapacity for work resulting from that accident continued until shortly before his injury in the instant case at which time, following the advice of Dr. Israel Kapnick who had been treating him for his back injury during a period of eleven months, he obtained employment as an inside painter with the Artistic Painting Co., Inc.

Whether petitioner was totally or partially incapacitated as a result of the accident presently under consideration depends upon the medical evidence in the case. Omitting all details and technical language, such evidence in substance was as follows. Doctor Kapnick, who had observed and treated petitioner continuously for nearly a year, testified that when his patient started working for the painting company he was "almost a well man"; that after the accident here involved "he was very ill again"; and that, although steadily improving, he had been and still was "completely disabled since the accident."

The medical evidence for the respondent was given by

Dr. William V. Hindle and Dr. Ernest D. Thompson, each of whom examined petitioner only once, the former on October 21, 1952 and the latter on November 14, 1952. Doctor Hindle testified that the first and second accidents involved the muscles and the covering thereof in the lower back; that "the second injury aggravated or lit up the symptoms that had been present before"; and that in his judgment petitioner was able to do light work. A similar opinion was expressed by Dr. Thompson who found that petitioner "evidently re-traumatized his back," meaning that he had "further strained his low back."

In a careful review of the medical evidence in which he noted the opportunity the three doctors had in arriving at their respective opinions as to petitioner's present condition, the trial justice concluded that in his judgment Dr. Kapnick "gave a frank statement of his conclusions, namely, that from the date of the accident to the date of hearing the employee had been totally incapacitated and that this was the result of the incident of September 26, 1952."

Where an existing injury is aggravated or lighted up by the application of external force, as in the instant case, the injured employee is entitled to compensation for the degree of incapacity resulting therefrom. *Paplauskas* v. *Reynolds Machinery Co.*, 71 R. I. 297, 301; *Bucci* v. *H. P. Hood & Sons, Inc.*, 75 R. I. 8. The respondent concedes that this court has consistently held in numerous decisions that it will not disturb a finding of fact supported by legal evidence. In the instant case there is practically undisputed evidence as to the existence of causal connection between the first and second injury. Although the doctors are in disagreement as to extent of petitioner's incapacity, nevertheless the testimony of Dr. Kapnick, which the trial justice found was more convincing than that of the medical experts for respondent, was competent legal evidence to support the decision that the petitioner was entitled to compensation for total incapacity.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Adler & Zucker, Martin M. Zucker,* for petitioner.

*Carroll & Dwyer, John G. Carroll,* for respondent.